UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN SMITH,<br>       Plaintiff,<br>v.<br>ALAMEDA COUNTY, et al.,<br>       Defendants. | Case No. 15-cv-05380-JSW<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT WITH PREJUDICE**<br><br>**Re: Docket No. 3** |

On November 24, 2015, Plaintiff, Van Smith ("Mr. Smith")[1] filed a Complaint and an application to proceed *in forma pauperis*. For the reasons set forth in the remainder of this Order, the Court DENIES Mr. Smith's application to proceed *in forma pauperis,* and it DISMISSES the Complaint, with prejudice.

**BACKGROUND**

Although not model of clarity, the instant dispute appears to arise out of an action that was pending in the Superior Court for the State of California in and for the County of Alameda, *Smith v. Alameda County*, No. RG13689329 (the "State court litigation"). (*See* Docket No. 1, Complaint at p. 4.)[2] The State court litigation, in turn, appears to have been one of several unsuccessful lawsuits that Mr. Smith filed in an effort to challenge a foreclosure proceeding. (*See, e.g., id.* at ECF pp. 15, 29-32, 35-47.)

In this case, Mr. Smith alleges that, in the State court litigation, defendant Matthew Yankee filed a false declaration on behalf of Alameda County. In that declaration, Mr. Yankee

---

[1] In the caption, Mr. Smith identifies himself as "Van Smith as Administrator Jerlyn L. Smith Trust."

[2] All page citations to the Complaint are based on the ECF page numbering.

1   attested that a Trustee's Deed Upon Sale, attached to a request for judicial notice, was recorded

2   with the Alameda County Clerk-Recorder and that the document existed "exactly as submitted by

3   the County in the Clerk-Recorder's files." (*Id.* at ECF p. 33-34.) According to Mr. Smith, that

4   statement was false, because the Trustee's Deed of Sale was not an "official document" that could

5   be used as evidence to support dismissal of the State court litigation. (*See id.* at ECF p. 4-7.) Mr.

6   Smith also alleges that he was denied a fair trial, because he is black. (*Id.* at ECF at p. 5.)

7       Mr. Smith does not clearly specify the nature of his claims, but in his demand for relief, he

8   asks for "quiet title" and damages. He also asserts that the Court has jurisdiction over this action,

9   because it involves a federal question, and he cites to 18 U.S.C. section 1021 and the Sixth and

10  Fourteenth Amendments to the United States Constitution. (*Id.* at ECF p. 2.)

## ANALYSIS

12      A district court may deny *in forma pauperis* status and *sua sponte* dismiss an action under

13  certain circumstances, including when the underlying complaint sought to be filed is frivolous or

14  when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also*

15  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

16      Mr. Smith alleges that jurisdiction is premised, in part, on alleged violations of 18 U.S.C.

17  section 1021. However, that statute is a criminal statute, which does not provide for a private right

18  of action. *See, e.g., Murphy v. Bank of New York Mellon*, 14-CV-02030-JST, 2014 WL 4222188,

19  at *5 (N.D. Cal. Aug. 25, 2014).

20      Mr. Smith also alleges that the Defendants violated his constitutional rights. 42 U.S.C.

21  section 1983 provides the exclusive remedy for claims alleging violations of federal constitutional

22  rights. *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 917 (9th Cir. 2003); *Azul-Pacifico,*

23  *Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action

24  directly under the United States Constitution."). Because Mr. Smith filed his Complaint *pro se*,

25  the Court will construe his Complaint to assert claims directly under Section 1983 for the alleged

26  constitutional violations.

27      To the extent Mr. Smith alleges he was denied a fair trial based on his race, his allegations

28  are conclusory and are insufficient to state a claim for relief under *Bell Atlantic Corp. v. Twombly*,

United States District Court
Northern District of California

1   550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2       To the extent that Mr. Smith advances a theory that Alameda County is liable based on Mr.
3   Yankee's actions, a municipality cannot be found liable under Section 1983 on a respondeat
4   superior theory. *See Monell v. N.Y. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). Municipal
5   liability can be imposed only for injuries inflicted pursuant to an official governmental policy or
6   custom. *Id.* at 690-94. A county can be found liable when execution of a county policy, whether
7   made by its lawmakers or those whose acts can be said to represent official policy or custom of the
8   county, inflicts the injury. *Id.* at 694. While a single decision may satisfy *Monell's* municipal
9   policy requirement, that decision must have been made by one of the municipality's authorized
10  decisionmakers, *i.e.* by an official who "possesses final authority to establish municipal policy
11  with respect to the challenged action." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-81
12  (1986).

13      Thus, to hold a local government liable for an official's conduct, a plaintiff must first
14  establish that the official (1) had final policymaking authority concerning the action alleged to
15  have caused the particular constitutional or statutory violation at issue and (2) was the policymaker
16  for the local governing body for purposes of the particular act. *McMillian v. Monroe County*
17  *Alabama*, 520 U.S. 781, 785 (1997). Mr. Smith's Complaint is devoid of any facts that would
18  support a basis to hold Alameda County liable for Mr. Yankee's actions under a *Monell* theory of
19  liability.

20      Finally, although Mr. Smith asserts that Mr. Yankee filed a false declaration in the State
21  court litigation, the facts alleged are insufficient to state a plausible claim for relief on that basis.
22  *See Iqbal*, 556 U.S. at 678 (The plausibility standard is not akin to a probability requirement, but it
23  asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint
24  pleads facts that are merely consistent with a defendant's liability, it stops short of the line
25  between possibility and plausibility of entitlement to relief.") (quoting Twombly, 550 U.S. at 557)
26  (internal quotation marks omitted).

27      For each of these reasons, the Court concludes that Mr. Smith fails to state a claim for
28  relief. The Court recognizes that, in general, leave to amend should be freely granted. However,

1   based on the materials relating to the State court litigation, which Mr. Smith has attached to the
2   Complaint, the Court concludes that it would be futile to grant Mr. Smith leave to amend.
3         Accordingly, the Court DENIES the application to proceed *in forma pauperis*, and
4   DISMISSES, WITH PREJUDICE, the Complaint.  The Court shall issue a separate judgment, and
5   the Clerk shall close the file.
6         **IT IS SO ORDERED.**
7   Dated: December 2, 2015

JEFFREY S. WHITE
United States District Judge